1

2

3

4

5

6

7

8                                  **UNITED STATES DISTRICT COURT**

9                                  **EASTERN DISTRICT OF CALIFORNIA**

10

11  MOUSENG SEE,                            )    Case No.: 1:24-cv-01096-KES-SKO (HC)
                                            )
12                Petitioner,               )    FINDINGS AND RECOMMENDATIONS TO
                                            )    GRANT RESPONDENT'S MOTION TO DISMISS
13        v.                                )    [Doc. 13]
                                            )
14  JEFF MACOMBER,                          )
                                            )    [21-DAY OBJECTION PERIOD]
15                Respondent.               )
                                            )
16  _____        )

17

18        Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of

19  habeas corpus pursuant to 28 U.S.C. § 2254.

20        Petitioner filed his petition in this Court on September 12, 2024.[1]  (Doc. 1.)  On November 18,

21  2024, Respondent filed a motion to dismiss contending that the petition is unexhausted, violates the

22  statute of limitations, and fails to state a claim.  (Doc. 13.)  On January 21, 2025, Petitioner filed an

23  opposition to the motion to dismiss.  (Doc. 16.)  Respondent filed a reply on February 4, 2025. (Doc.

24  17.) Upon review of the pleadings, the Court finds that the petition is unexhausted, violates the statute

25

26  _____

27  [1] Although the petition was filed in this Court on September 16, 2024, the proof of service was dated September
    12, 2024.  Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to
    prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S.
28  266, 276 (1988).  Therefore, under the mailbox rule, the Court deems the petition filed on September 12, 2024,
    the date Petitioner presumably handed his petition to prison authorities for mailing.

                                                  1

1   of limitations, and fails to state a claim with respect to Ground Three.  The Court will therefore

2   recommend that Respondent's motion to dismiss be granted and the petition be dismissed with

3   prejudice.

4   **DISCUSSION**

5   I.      Procedural Grounds for Motion to Dismiss

6          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

7   if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

8   relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

9          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

10  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

11  procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

12  evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

13  599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

14  procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response,

15  and the court should use Rule 4 standards to review the motion.

16         In this case, Respondent's motion to dismiss is based on exhaustion, a violation of 28 U.S.C.

17  2244(d)(1)'s one-year limitations period, and failure to state a claim.  The Court will review

18  Respondent's motion to dismiss pursuant to its authority under Rule 4.

19  II.     Exhaustion

20         A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

21  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

22  exhaustion doctrine is based on comity to the state court and gives the state court the initial

23  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

24  722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

25         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

26  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

27  Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full

28  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

1    claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

2    U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Additionally, the petitioner must have specifically

3    told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66.

4         As noted by Respondent, Petitioner presents claims of ineffective assistance of counsel with

5    respect to counsel's alleged failure to appeal the trial court's denial of his Cal. Penal Code § 995

6    motion and by failing to inform him that he could appeal the trial court's denial of the motion. (Doc. 1

7    at 5.) Respondent is correct that these bases of ineffective assistance of counsel were not raised in

8    petitions to the California Supreme Court. (Docs. 4, 14.) Therefore, they are unexhausted.

9    III.    Limitations Period for Filing Petition for Writ of Habeas Corpus

10        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

12   filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114

13   F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition

14   was filed on September 12, 2024, and thus, it is subject to the provisions of the AEDPA.

15        The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

16   petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitations period

17   begins running on the date that the petitioner's direct review became final.  In this case, the Supreme

18   Court denied Petitioner's petition for review on September 23, 2015. (Doc. 12-3, 12-4.) Petitioner was

19   thereafter resentenced on October 21, 2015. (Doc. 12-5.) He did not appeal the resentencing judgment.

20   Therefore, direct review concluded sixty days later on December 20, 2015. Cal. R. Ct. 8.308(a). The

21   statute of limitations commenced on the following day, December 21, 2015, and expired one year later

22   on December 20, 2016.  Absent applicable tolling, the last day to file a federal habeas petition was

23   December 20, 2016.  Here, Petitioner did not file his federal petition until September 12, 2024, which

24   was nearly 8 years beyond the deadline.

25        A.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

26        Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

27   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

28   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

3

1    governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

2    U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a

3    full round of [state] collateral review," so long as there is no unreasonable delay in the intervals

4    between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez,

5    340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548

6    F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v.

7    Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

8            In this case, Petitioner filed five collateral petitions in the state courts as follows:

9       First Petition
        Tulare County Superior Court;
10      Filed: August 1, 2023[2];
        Denied: September 8, 2023;

11
        Second Petition
12      Tulare County Superior Court;
        Filed: September 27, 2023;
13      Denied: October 27, 2023;

14      Third Petition
        California Court of Appeals, Fifth Appellate District;
15      Filed: October 30, 2023;
        Denied: December 20, 2023;

16
        Fourth Petition
17      California Court of Appeals, Fifth Appellate District;
        Filed: December 10, 2023;
18      Denied: December 21, 2023;

19      Fifth Petition
        California Supreme Court;
20      Filed: March 17, 2024;
        Denied: July 31, 2024.

21

22   (Docs. 12-6 to 12-15.)

23           Petitioner is not entitled to statutory tolling for collateral actions filed before the

24   commencement of the limitations period. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).

25   Therefore, all five petitions had no tolling consequences, and the federal petition remains untimely.

26

27

28
      ---
      [2] The filing dates reflect the dates of the proof of service, where provided, pursuant to the mailbox rule.

                                              4

1

        B.    Equitable Tolling

2          Federal habeas petitioners may also be entitled to equitable tolling of the statute of limitations.

3    Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in

4    appropriate cases"); Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), *cert. denied*, 133 S.Ct. 769

5    (2012).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing

6    his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

7    timely filing."  Ford, 683 F.3d at 1237 (quoting Holland, 560 U.S. at 649) (internal quotation marks

8    omitted).

9          The diligence requirement is a separate inquiry from the extraordinary circumstance inquiry

10   and "covers those affairs within the litigant's control." Menominee Indian Tribe of Wisconsin v. U.S.,

11   136 S. Ct. 750, 756 (2016).  "The diligence required for equitable tolling purposes is reasonable

12   diligence, not maximum feasible diligence." Id. (quoting Holland, 560 U.S. at 653) (internal quotation

13   marks omitted).  Nevertheless, a petitioner must demonstrate diligence at all times up to the filing of

14   the federal habeas petition, not only during the time an alleged impediment stood in his way of timely

15   filing.  Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (*en banc*).

16         After Holland, the Ninth Circuit has continued to rely on previous equitable tolling cases in

17   which it held that equitable tolling is available "only when extraordinary circumstances beyond a

18   prisoner's control make it impossible to file a petition on time and the extraordinary circumstances

19   were the cause of [the prisoner's] untimeliness." Id. (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th

20   Cir. 2010) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003))) (alterations in Ford)

21   (internal quotation marks omitted); see also Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011)

22   (citing Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he requirement that extraordinary

23   circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather

24   than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of

25   which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d

26   1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

27         In his petition, Petitioner contends he is entitled to equitable tolling for several reasons. First,

28   he claims counsel misled him to believe his appeal was over. Petitioner makes no showing that

5

1    counsel affirmatively misled him to believe he could not pursue federal collateral relief and the state

2    appeal process was over when the California Supreme Court denied the petition for review. There is

3    no evidence to indicate counsel acted improperly in so advising him. This claim is conclusory and

4    unsupported.

5            Second, Petitioner claims he is ignorant of the law. Ignorance of the law and the lack of legal

6    experience typically do not excuse an untimely filing. See Rasberry v. Garcia, 448 F.3d 1150, 1154

7    (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an

8    extraordinary circumstance warranting equitable tolling"); Felder v. Johnson, 204 F.3d 168, 172-73 &

9    n.10 (5th Cir. 2000) (mere ignorance of the law or lack of knowledge of filing deadlines does not

10   justify equitable tolling of AEDPA's limitation period). Petitioner's situation is no different than the

11   vast majority of inmates similarly situated and certainly does not excuse a nearly 8-year delay in

12   pursuing federal habeas relief.

13           Third, Petitioner claims he is mentally incompetent. Although some courts have recognized

14   mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only

15   where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from

16   understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.

17   1996); see also Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir. 1993); United States v. Page, 1999

18   WL 1044829, at *1-2 (N.D. Ill. 1999); Decrosta v. Runyon, 1993 WL 117583, at *2-3 (N.D.N.Y.

19   1993); Speiser v. United States Dept. of Health & Human Services, 670 F.Supp. 380, 384 (D.D.C.

20   1986); cf. Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3rd Cir. 1970) ("Insanity does not

21   prevent a federal statute of limitations from running.").

22           The Ninth Circuit has followed this rule in Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010),

23   holding that a petitioner has the burden of showing that his "mental impairment made it impossible to

24   meet the filing deadline under the totality of the circumstances, including reasonably available access

25   to assistance."  In Bills, the Ninth Circuit established the following two-part test to determine whether

26   equitable tolling should be permitted based on mental impairment:

27           (1)     First, a petitioner must show his mental impairment was an "extraordinary
                     circumstance" beyond his control by demonstrating that the impairment was so severe
28                   that either

> (a)    Petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b)    Petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuation its filing.
>
> (2)    Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills, 628 F.3d at 1099-1100.  In practice, to evaluate whether a petitioner is entitled to equitable tolling in a specific case, the Ninth Circuit stated the district court must:

> (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Id. As to necessary diligence, "the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available." Id. at 1101

Respondent contends that Petitioner's claim is conclusory, unsupported, and irrelevant to the time period at issue. The Court agrees. In support of his claim, Petitioner asserts that one mental health professional out of three determined he was "mentally retarded" during pre-trial competency evaluations.  He provides no support for this assertion, nor does the assertion have any bearing on the relevant time period. *i.e*., the one-year limitations period following direct review, or the nearly 8 years after the limitations period ended until the federal petition was filed. There is no indication in the record that this mental impairment caused any disability which would impact Petitioner's understanding or ability to timely file his federal petition. Petitioner fails to carry his burden of showing he was mentally impaired during the filing period, and that the mental impairment in fact prevented him from his timely filing.

Petitioner's five collateral challenges also belie his claim that his mental illness rendered him unable to timely pursue his petition. See Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir.2014) (equitable tolling not available when petitioner repeatedly sought administrative and judicial remedies including three state habeas petitions); Nixon v. Sherman, 2014 WL 6901845, * 5 (E.D. Cal. 2014) (claim of mental impairment insufficient to justify equitable tolling where inmate managed to file two inmate appeals and two state habeas petitions despite impairment). The diligence requirement must be shown

1   for the entire period Petitioner took to file his federal petition, not simply during the one-year period.

2   Smith v. Davis, 953 F.3d 582, 598–99 (9th Cir. 2020) ("a petitioner must show that he has been

3   reasonably diligent in pursuing his rights not only while an impediment to filing caused by an

4   extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in

5   federal court"). Petitioner fails to state how he managed to file five state post-conviction challenges,

6   but was unable to file his federal petition. He fails to show he acted diligently during the one-year

7   limitations period as well as the nearly 8-year period after the limitations period expired and the

8   federal petition was filed.

9         In summary, Petitioner fails to show an extraordinary circumstance stood in his way and he has

10  been pursuing his rights diligently. He should not be granted equitable tolling. See Pace v.

11  DiGuglielmo, 544 U.S. 408, 418 (2005).

12  IV.    Failure to State a Claim

13        In his third ground for relief, Petitioner alleges he was subjected to an illegal search and

14  seizure when the police officer initiated a traffic stop without probable cause.

15        A federal district court cannot grant habeas corpus relief on the ground that evidence was

16  obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a

17  "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494

18  (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert. denied*, 511 U.S. 1057 (1994). The

19  only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not

20  whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval

21  v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.

22  1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence,

23  dismissal under Stone was necessary).

24        Here, there is no evidence that Petitioner did not have a fair opportunity to litigate the claim at

25  trial. Pursuant to Stone v. Powell, the Court cannot grant habeas relief.  The claim should be dismissed

26  with prejudice.

27  /////

28  */////*

8

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to exhaust state remedies, failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period, and failure to state a claim as to Ground Three.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   __**February 6, 2025**__              ___/s/ *Sheila K. Oberto*___
                                                        UNITED STATES MAGISTRATE JUDGE