UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUSENG SEE, | No. 1:24-cv-01096-KES-SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| v. | |
| JEFF MACOMBER, | Docs. 13, 18 |
| Respondent. | |

Petitioner Mouseng See is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 6, 2025, the assigned magistrate judge issued findings and recommendations to grant respondent's motion to dismiss for failure to exhaust, violation of the statute of limitations, and failure to state a claim. Docs. 13, 18. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.

On February 27, 2025, petitioner filed a motion requesting voluntary dismissal of the

1

petition. Doc. 19. Petitioner requests his petition be dismissed without prejudice so he can return to state court to exhaust state remedies. As correctly found by the magistrate judge, however, the petition is untimely in violation of AEDPA's statute of limitations. 28 U.S.C. § 2244(d). Therefore, petitioner's motion for dismissal without prejudice is denied.[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's motion, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability

Accordingly,

1.  The findings and recommendations issued on February 6, 2025, Doc. 18, are adopted in full;

---

[1] Although the federal petition is dismissed with prejudice, petitioner is free to seek whatever state court remedy may be available.

2

1      2.      Respondent's motion to dismiss, Doc. 13, is granted;

2      3.      Petitioner's motion for voluntary dismissal without prejudice, Doc. 19, is denied;

3      4.      The petition is dismissed with prejudice;

4      5.      The Clerk of Court is directed to enter judgment and close the case; and

5      6.      The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    March 27, 2025

UNITED STATES DISTRICT JUDGE